UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| STEVE HENDERSON | NO.  3:22-CV-02626-TAD-KDM |
| VERSUS | JUDGE DOUGHTY |
| AMERICAN GRAIN SYSTEMS, INC. et al. | MAGISTRATE JUDGE MCCLUSKY |

**ANSWER TO COMPLAINT AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, comes defendant, AMERICAN GRAIN SYSTEMS, INC. (hereinafter referred to as "American Grain" or "defendant"), who in response to the allegations in plaintiff's Complaint, denies each and every allegation contained therein, except as specifically admitted hereafter. And now, responding to the separately numbered paragraphs of plaintiff's Complaint, American Grain responds as follows:

1.

American Grain admits that it has been named as a defendant in this matter. Defendant denies all remaining allegations of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.

American Grain admits that it is incorporated in the State of Arkansas. Defendant further states that paragraph 2 sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent further answer is required, Defendant denies all remaining allegations of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3.

Defendant denies the allegations of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4.

Defendant denies the allegations of paragraph 4.

5.

Defendant admits that Plaintiff began working with American Grain on or about November 19, 2018 pursuant to a written agreement dated November 19, 2018. Defendant pleads the full contents of that agreement as if set forth, *in extenso,* herein. To the extent any allegations contained in paragraph 5, or elsewhere, in the Complaint are inconsistent with the terms of the agreement, those allegations are denied.

6.

Defendant denies the allegations of paragraph 6 as written.

7.

Defendant denies the allegations of paragraph 7 as written.

8.

Defendant denies the allegations of paragraph 8.

9.

Defendant denies the allegations of paragraph 9.

10.

Defendant denies the allegations of paragraph 10.

11.

Defendant denies the allegations of paragraph 11.

12.

Defendant denies the allegations of paragraph 12.

13.

Defendant denies the allegations of paragraph 13.

14.

Defendants denies the allegations of paragraph 14.

15.

Defendant admits that Cesar Islas is a shareholder of American Grain. The remaining allegations of paragraph 15 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

16.

Defendant admits that Cesar Islas is a shareholder of Island Construction, Inc.. The remaining allegations of paragraph 16 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

17.

Defendant denies the allegations of paragraph 17.

18.

Defendant denies the allegations of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19.

Defendant denies the allegations of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20.

Defendant denies the allegations of paragraph 20.

21.

Defendant denies the allegations of paragraph 21.

IN FURTHER ANSWERING, AMERICAN GRAIN SYSTEMS, INC. affirmatively pleads as follows:

22.

The Complaint fails to state a claim against Defendant upon which relief may be granted, and therefore, it should be dismissed.

23.

The Complaint, and some or all of the purported causes of action stated therein, are barred by applicable statutes of limitations.

24.

Defendant affirmatively pleads the defenses of waiver, laches and estoppel.

25.

Defendant affirmatively pleads failure and lack of consideration.

26.

Defendant affirmatively pleads payment as a complete bar or, in the alternative, a reduction in any amount owed.

27.

Defendant is entitled to a reduction in the amount for which he may be held liable in judgement in accordance with the laws of indemnity, subrogation and/or contribution

28.

Defendant asserts all defenses asserted by any other defendants in this matter, as set forth *in extenso*.

29.

Defendant affirmatively pleads the contents, terms and conditions of the agreement between plaintiff and American Grain Systems, Inc., or any other party, to the extent that any allegations made by Plaintiff are inconsistent with the terms of the agreement.

30.

Defendant reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

31.

Defendant is entitled to and prays for a trial by jury as to all issues triable by a jury.

WHEREFORE defendant, AMERICAN GRAIN SYSTEMS, INC., respectfully prays that the above and foregoing answer be deemed good and sufficient; and that following due proceedings had, there be judgment herein in favor of defendant and against plaintiff, dismissing the demands of plaintiff, at plaintiff's cost;

Defendant further prays for all general and equitable relief.

Defendant is entitled to and requests a trial by jury in this matter.

Shreveport, Louisiana, this 17th day of February, 2023.

        BLANCHARD, WALKER, O'QUIN & ROBERTS
        (A Professional Law Corporation)

    By:    /s/ Daniel J. Baker
         Daniel J. Baker, Bar #31612

    333 Texas Street-Regions Tower-Suite 700 (71101)
    Post Office Drawer 1126
    Shreveport, Louisiana 71163-1126
    Telephone: (318) 221-6858
    Telecopier: (318) 227-2967
    E-Mail: dbaker@BWOR.com

    ATTORNEYS FOR DEFENDANT,
    AMERICAN GRAIN SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Answer to Complaint has this day been forwarded to the following via the Court's electronic mail notification system.

        Jon K. Guice
        jguice@hamsil.com
        Linda K. Ewbank
        Lewbank@hamsil.com
        Justin N. Myers
        jmyers@hamsil.com
        Hammonds, Sills, Adkins & Guice, LLP
        1881 Hudson Circle
        Monroe, LA 71201
        *Attorneys for Plaintiff*

Shreveport, Louisiana, this 17th day of February, 2022.

                                            /s/ Daniel J. Baker
                                              OF COUNSEL